## Bell v. Dickson City School District

*H. R. Van Deusen* and *S. S. Friedman*, for plaintiff.
*L. G. Knoll*, for defendant.

LEACH, J., March 31, 1933.—From the agreed statement of facts and the pleadings, it appears that the directors of Dickson City School District were unable to determine the state of the finances of the school district and employed an expert accountant to conduct an investigation of the sinking fund and bond accounts. He performed the services and submitted a bill for $378, which was just and reasonable.

The report was received, the recommendations of the report were followed, and upon suit for services the defense is that the district had no right to employ an expert accountant, as the code provides a method of conducting the audits.

In the language of a deceased statesman, it was "a condition and not a theory" that confronted the school directors. The service performed required technical knowledge and was not in the scope of duty of any officer. The power of a municipal corporation to engage expert assistance without special statutory authority is set forth in 3 McQuillan on Municipal Corporations (2d ed.), sec. 1269, note 35, and cases there cited.

Under section 517 of the School Code, as amended by the Act of 1931, P. L. 243, 254, a school director is not liable to be surcharged where it appears that he "acted honestly and in good faith for the best interests of the school district, and where no loss or damage to the school district resulted from the action of such appellant [school director]."

As it appears that plaintiff's expert services were necessary in order that the affairs of the defendant school district should be conducted according to the School Code, and the charge is reasonable, judgment should be entered for plaintiff.

Now, March 31, 1933, judgment is entered in favor of the plaintiff for the amount of its claim.                    From William A. Wilcox, Scranton, Pa.